UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED STATES OF AMERICA,

                            **Plaintiff,**               REPORT AND
                                                 <u>RECOMMENDATION</u>

        -against-

                                                   19-CV-2797 (AMD)
CARLA CAMPBELL,

                           **Defendant.**
---------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

       Plaintiff United States of America ("plaintiff") commenced the instant suit against Carla

Campbell ("defendant") to recover the unpaid balance of defendant's federal student loans,

pursuant to 28 U.S.C. § 1345.   <u>See generally</u> Complaint (May 13, 2019) ("Compl."), Electronic

Case Filing Docket Entry ("DE") #1.   Plaintiff now moves for a default judgment and requests

an award comprising the principal owed ($15,017.33), pre-judgment interest as of July 19, 2019

($6,419.93), and additional interest accruing at a rate of $1.75 per day from July 20, 2019 until

the date of entry of judgment.   <u>See</u> Anthony Lowery Affidavit of Amount Due (July 24, 2019)

("Lowery Aff. of Amount Due") ¶¶ 10-11, DE #10-1; Affirmation and Memorandum of Law

("Pl. Mem.") (July 29, 2019) ¶ 16, DE #10-2.[1]   On July 29, 2019, the Honorable Ann M.

Donnelly referred plaintiff's motion to the undersigned magistrate judge for a report and

recommendation.   <u>See</u> Order Referring Motion (July 29, 2019).

---

[1] Although the Complaint seeks additional relief in the form of the "administrative costs of [plaintiff's] suit," <u>see</u> Compl. ¶ 4, plaintiff's motion papers clarify that plaintiff is seeking neither attorneys' fees nor costs, <u>see</u> Lowery Aff. of Amount Due ¶ 14; <u>see also</u> Pl. Mem. ¶¶ 19-20.   Furthermore, plaintiff's proposed order does not seek such relief.   <u>See</u> Default Judgment Proposed Order (July 29, 2019), DE #10-5.

For the reasons that follow, this Court respectfully recommends that plaintiff's motion be granted in its entirety, and that default judgment be entered against defendant in the amount of $21,437.26, including $15,017.33 in unpaid principal and $6,419.93 in accrued interest.   The Court further recommends that plaintiff be awarded an additional $1.75 per day in pre-judgment interest, from July 20, 2019 to the date of entry of judgment, plus post-judgment interest calculated pursuant to 28 U.S.C. § 1961(a).

## BACKGROUND AND FACTS

On or about October 31, 2008, defendant executed a promissory note to secure Direct Consolidation loans from the United States Department of Education ("DOE").   See Promissory Note (Aug. 28, 2019), DE #12-3; see also Certificate of Indebtedness ("COI") (July 29, 2019), DE #10-3.   Two loans, made by the DOE under the William D. Ford Federal Direct Loan Program, for $6,215.59 and $8,537.95, were disbursed on January 26, 2009 at 4.25 percent interest per annum.   See COI.   The DOE subsequently demanded payment according to the terms of the note and, on January 23, 2010, defendant defaulted on the obligations.   See id. Pursuant to 34 C.R.F. § 685.202(b), $263.79 in unpaid interest was capitalized and added to the principal balance.   Because no payments were made, the DOE did not credit any sum to the outstanding balance and, as of April 8, 2019, defendant's debt totaled $21,259.03, consisting of $15,017.33 in principal and $6,241.70 in interest, with interest on the principal accruing at a rate of $1.75 per day.   See id.   After defendant failed to pay any portion of the indebted amount owed to plaintiff, plaintiff initiated this suit against defendant on May 13, 2019.   See generally Compl.

Plaintiff effectuated service on defendant on June 11, 2019, see Affidavit of Service

(June 13, 2019) ("Aff. of Service"), DE #7; see also Supplemental Affirmation ("8/28/19 Manfredi Supp. Aff.") (Aug. 28, 2019), DE #12-1, but defendant failed to file a timely Answer or otherwise appear.   On July 7, 2019, plaintiff requested a Certificate of Default, see Request for Certificate of Default (July 7, 2019), DE #8, and the Clerk of the Court noted defendant's default on July 15, 2019, see Clerk's Entry of Default (July 15, 2019), DE #9.   After plaintiff filed the instant motion for default judgment on July 29, 2019, see Plaintiff's Notice of Motion for a Default Judgment (July 29, 2019) ("Pl. Mot."), DE #10, this Court issued an August 23, 2019 Scheduling Order noting "a discrepancy between the address that appear[ed] on the summons . . . and the address at which service was effected," Order (Aug. 23, 2019) ("8/23/19 Order"), DE #11.   The Court required plaintiff to submit an affidavit by September 6, 2019, explaining why defendant was served at an address different than that which appeared on the summons.   See id.   The Court also ordered plaintiff to submit the promissory note underlying its claim by that same deadline.   See id.   Plaintiff complied with the Court's directive, filing the requested documents with the Court on August 28, 2019.   See, e.g., Supplemental Affidavit (Aug. 28, 2019) ("Lowery Supp. Aff."), DE #12; 8/28/19 Manfredi Supp. Aff.; Promissory Note. Defendant, meanwhile, was directed to respond to plaintiff's submission, in writing, by October 7, 2019.   See 8/23/19 Order.   As of the date of this report and recommendation, defendant has not responded to plaintiff's Complaint, its motion for default judgment, or to its August 28, 2019 submission.

On January 2, 2020, the Court ordered plaintiff to further supplement its August 28, 2019 submission with (1) "an affidavit of non-service generated in response to the process server's attempted service of defendant[,]" and (2) "an affidavit by [plaintiff's counsel] explaining the

3

process by which he determined the defendant's new address[.]"   1/2/20 Order (Jan. 2, 2020).

Plaintiff timely submitted the requested documents on January 7, 2020.   See Supplemental

Affirmation ("1/7/20 Manfredi Supp. Aff.") (Jan. 7, 2020), DE #13.

## DISCUSSION

### A.  Default Judgment Standard

The procedure pursuant to which a default judgment may be granted is set forth in Rule

55 of the Federal Rules of Civil Procedure ("FRCP").   In accordance with that Rule, after the

Clerk of the District Court enters a Certificate of Default, the District Court may, on a plaintiff's

application, enter a default judgment if a defendant "has failed to plead or otherwise defend" an

action.   See Fed. R. Civ. P. 55(a), (b); see also S.D.N.Y./E.D.N.Y. Local Civ. R. 55.2(b).   A

defendant's default ordinarily constitutes an admission of all well-pleaded factual allegations in

the complaint except those relating to damages.   See Greyhound Exhibitgroup, Inc. v. E.L.U.L.

Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61,

65 (2d Cir. 1981); see also City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137

(2d Cir. 2011); Fed. R. Civ. P. 8(b)(6).   This principle is, however, subject to several exceptions

and limitations.   Among other things, a pleading's legal conclusions are not assumed to be true,

and, on a motion for default judgment, the factual allegations in the complaint must themselves

be sufficient to establish a right to relief.   See Chen v. JP Standard Constr. Corp., 14-CV-1086

(MKB), 2016 WL 2909966, at *4 (E.D.N.Y. Mar. 18, 2016) (citing Stein v. Valentine &

Kebartas, Inc., No. 10-CV-2465 (RJD), 2012 1416924, at *4-5 (E.D.N.Y. Mar. 15, 2020)),

adopted 2016 WL 2758272 (E.D.N.Y. May 12, 2016); see also Finkel v. Ramanowicz, 577 F.3d

79, 84 (2d Cir. 2009) (district court is "required to determine whether the [plaintiff's] allegations

establish [the defendant's] liability as a matter of law").

Finally, the damages amount pleaded by a plaintiff is not deemed to be established by the default; rather, the Court must conduct "an inquiry in order to ascertain the amount of damages with reasonable certainty."   Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).   This inquiry may be accomplished by evaluating and analyzing affidavits and other documentary evidence submitted by the plaintiff in regard to the extent of damages sought.   See Greathouse v. JHS Sec. Inc., 784 F.3d 105, 116 (2d Cir. 2015); Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989).   It is within a court's discretion to determine whether the plaintiff's burden has been met, and whether or not to hold an evidentiary hearing.   See Action S.A. v. Marc Rich & Co. Inc., 951 F.2d 504, 508 (2d Cir. 1991).   The moving party is entitled to all reasonable inferences from the evidence it offers.   See Romanowicz, 577 F.3d at 84; Au Bon Pain, 653 F.2d at 65.

**B. Service of the Summons and Complaint**

Pursuant to Rule 4 of the FRCP, service on an individual may be effected by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Here, service appears proper pursuant to Rule 4(e)(2)(A).   On June 13, 2019, counsel for plaintiff filed an Affidavit of Service, noting that a copy of the summons and complaint were

personally served on defendant two days prior, and providing details regarding that service.   See Aff. of Service.   After the Court issued an Order on August 23, 2019 noting "a discrepancy between the address that appears on the summons, 593 E. 93rd Street, Brooklyn, NY 11236" and "the address at which service was effected, 11740 195th Street, #1 Basement Apt., Saint Albans, NY 11412[,]" 8/23/19 Order, plaintiff submitted a responsive affirmation on August 28, 2019, see 8/28/19 Manfredi Supp. Aff.   That affirmation, signed by John Manfredi, counsel for plaintiff, states that the process server attempted service at the 593 E. 93rd address listed on the summons but "was informed that defendant was unknown at that address."   Id. ¶ 3.   Mr. Manfredi further avers that (1) he "found the [d]efendant's new address at 11740 195th Street, #1, Saint Albans, NY 1141"; (2) he "updated the DOE and Department of Justice records"; and (3) "defendant was served at [the 11740 195th Street address] on 6/11/2019."   Id. ¶¶ 4-5.   The supplemental affirmation also notes – and the evidentiary record reflects – that the COI "annexed to the [p]laintiff's application for a default judgment reflects the current address of the [d]efendant and balance due."   Id. ¶ 6; see also COI (noting defendant's address as that at which plaintiff served the summons and Complaint).[2]

In response to this Court's January 2, 2020 Order requiring that plaintiff provide additional information regarding service, see 1/2/20 Order, Mr. Manfredi filed a supplemental affirmation, with related documents, on January 7, 2020, see 1/7/20 Manfredi Supp. Aff.   Mr. Manfredi explained that his process server had initially "attempted service at [the 593 E. 93rd Street address but] was informed Carla Campbell was unknown at that address," prompting the

---

[2] Defendant was also served with copies of the Court's August 23, 2019 Scheduling Order and plaintiff's Supplemental Affirmation and Supplemental Affidavit (with exhibits) at the Saint Albans address.   See 8/28/19 Manfredi Supp. Aff. ¶¶ 8-9.

affirmant to use a TransUnion database (www.tlo.com) to locate defendant's updated address (the 11740 195th Street address) and to have his process server effectuate service at that address. See 1/7/20 Manfredi Supp. Aff. ¶¶ 2, 4-5, 9.   Attached to the supplemental affirmation were copies of the process server's affidavit of attempted service noting that service was unsuccessful at the 593 E. 93rd address, see Affidavit of Attempted Service (Jan. 7, 2020), DE #13-1; a GPS photo of that address, see GPS Photo (Jan. 7, 2020), DE #13-1; and the (redacted) TransUnion report generated by Mr. Manfredi on June 7, 2019, see TransUnion Report (Jan. 7, 2020), DE #13-2.

Based on the aforementioned, this Court is satisfied that plaintiff effected service of process on defendant in compliance with the FRCP.

### C.  Liability

The necessary requirements under Rule 55 of the FRCP have been met in this case: service was proper, see *supra* pp. 5-7, defendant has not filed an answer or otherwise moved with respect to plaintiff's Complaint, and the Clerk of the Court entered default against the defendant and plaintiff subsequently moved for default judgment, see Clerk's Entry of Default; Pl. Mot.   Thus, the Court now turns to whether plaintiff's factual allegations establish a right to relief as a matter of law.

It bears repeating that in light of defendant's default, the well-pleaded factual allegations set forth in plaintiff's Complaint are deemed true for the purposes of establishing liability.   See United States v. Williams, 17-cv-566 (NGG)(RER), 2017 WL 7052280, at *2 (E.D.N.Y. Dec. 8, 2017) (citing United States of America v. Davis, No. 05 CV 4477(SJ)(VVP), 2007 WL 2287889, at *2 (E.D.N.Y. Aug. 8, 2007)), adopted, 2018 WL 581050 (E.D.N.Y. Jan. 25, 2018).   In an

action brought by the DOE to collect funds due on unpaid student loans, the DOE is entitled to judgment in its favor if it establishes the following four elements: (1) "the defendant signed a promissory note to secure the loan[;]" (2) "the DOE issued the loan funds[;]" (3) "the defendant defaulted on the loan[;]" and (4) the defendant defaulted on "the remaining amount due on the loan." United States v. Thomas, 16-CV-6076 (MKB), 2017 WL 2656123, at *2 (E.D.N.Y. June 19, 2017) (citations omitted).

Here, plaintiff has satisfied each of the required elements. As an initial matter, plaintiff has shown that defendant executed a promissory note, dated October 31, 2008. See Promissory Note; see also Consolidation Loan Origination History Record (Aug. 29, 2019) at 3, DE #12-4 (showing that defendant submitted her application as well as the promissory note via the web). Plaintiff has also established that the funds were disbursed on January 26, 2009. See COI (setting forth the date that plaintiff's federal loans were disbursed). Additionally, the evidentiary record reflects that defendant defaulted on the loans and the remaining amount due. See Compl. ¶ 1; see also Lowery Aff. of Amount Due ¶ 10; COI. In light of the aforementioned, and because plaintiff has provided the Court with the loan origination documents and the COI, plaintiff has made the requisite showing that defendant defaulted on her student loan debt. See United States v. Champion, 17 CV 605 (KAM) (RML), 2017 WL 7790004, at *3 (E.D.N.Y. Dec. 22, 2017) (citing cases allowing for an award of damages based on identical evidence), adopted, 2018 WL 1033244 (E.D.N.Y. Feb. 20, 2018).

**D.  Damages**

**1.  Principal and Interest**

The Higher Education Act of 1965 entitles the United States to the unpaid principal and

accrued interest on federally insured student loans in default.   See United States v. Kemp, No. 15-CV-02419 (PKC), 2015 WL 6620624, at *3 (E.D.N.Y. Oct. 30, 2015) (citing 20 U.S.C. § 1080(a)).   While "a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed," Thomas, 2017 WL 2656123 at * 2 (citation omitted), such a hearing is not mandated "as long as [the court] ensure[s] that there [i]s a basis for the damages specified in the default judgment," id. (quoting Transatl. Marine Claims Agency, Inc., 109 F.3d at 111).   Rather, a court can satisfy this requirement "upon a review of detailed affidavits and documentary evidence." Thomas, 2017 WL 2656123, at *2 (citing cases); see also United States v. Mahaney, 3:18-CV-650 (FJS/DEP), 2019 WL 477949, at *2 (N.D.N.Y. Feb. 7, 2019) (opining that a hearing is unnecessary where the record contains detailed affidavits and documentary evidence that allows the court to evaluate the proposed sum and determine an award of damages).

Here, plaintiff seeks $15,017.33 in damages for the unpaid principal balance of the loan, $6,419.93 in interest as of July 19, 2019, and pre-judgment interest accruing at a rate of $1.75 per diem until the entry of judgment.   See Lowery Aff. of Amount Due ¶¶ 10-11; Pl. Mem. ¶ 16. Plaintiff also seeks post-judgment interest.   See Compl. ¶ 3 (seeking "[p]ost-judgment interest, pursuant to 28 U.S.C. 1961 at the legal rate then in effect, from the date of entry of judgment until the judgment is paid in full.").[3]   In support of plaintiff's request, plaintiff submitted the

---

[3] An award of post-judgment interest "is mandatory in any civil case where money damages are recovered."   United States v. Greaves, 17-CV-5876 (ADS) (AYS), 2018 WL 3737919, at *4 (E.D.N.Y. July 3, 2018) (noting the statutory language of 28 U.S.C. § 1961(a) states that interest shall be allowed) (emphasis in original), adopted, 2018 WL 3733943 (E.D.N.Y. Aug. 4, 2018).   Accordingly, even though post-judgment interest is not addressed in plaintiff's motion papers, plaintiff is entitled to post-judgment interest calculated pursuant to 28 U.S.C. § 1961(a).   Cf. Bleecker v. Zetian Sys., Inc., No. 12 Civ. 2151(DLC), 2013 WL 5951162, at *9 (S.D.N.Y. Nov. 1, 2013) (finding the plaintiff was entitled to post-judgment interest despite not requesting such relief in the complaint).

COI (submitted under penalty of perjury), the promissory note, and additional documentary evidence discussed above, including an affidavit of Anthony Lowery, a loan analyst with the DOE, and the affirmation made by plaintiff's counsel.   Accordingly, plaintiff has demonstrated its entitlement to these damages without the need for an evidentiary hearing, see Thomas, 2017 WL 2656123, at *3; see also United States v. Bunbury, 15-CV-3764(JS), 2015 WL 9050581, at *2 (Dec. 15, 2015); this Court respectfully recommends that the plaintiff be awarded the entirety of the relief sought.

### 2.  Attorneys' Fees and Costs

In accordance with the Higher Education Act of 1965, "a borrower who has defaulted on a loan made under this subchapter may be required to pay . . . reasonable collection costs[,]" 20 U.S.C. § 1091a (b)(1), including both attorneys' fees and costs, see United States v. Defiris, CV 15-2541 (ADS)(SIL), 2016 WL 8711351, at *3 (E.D.N.Y Apr. 7, 2016) (citing United States v. Vilus, 419 F.Supp.2d 293, 297 (E.D.N.Y. 2005), adopted, 2016 WL 8711196 (E.D.N.Y. Sept. 30, 2016).   Here, however, plaintiff's Complaint does not contain a request for attorneys' fees, see generally Compl., and its motion papers expressly disclaim any demand for an award of fees or costs, see Pl. Mem. ¶ 19 ("The [p]laintiff is not seeking attorneys' fees in this lawsuit."); id. ¶ 20 ("Plaintiff is not seeking reimbursement of costs in this suit.").   Accordingly, this Court respectfully recommends that the District Court not award attorneys' fees or costs.

### <u>CONCLUSION</u>

For all of the foregoing reasons, this Court respectfully recommends that plaintiff's motion for a default judgment be granted, and that plaintiff be awarded $21,437.26, consisting of $15,017.33 in unpaid principal and $6,419.93 in interest through July 19, 2019.   The Court

further recommends that plaintiff be awarded per diem pre-judgment interest at the rate of $1.75 from July 20, 2019 through the date of entry of judgment, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961(a).

Any objections to this Report and Recommendation must be filed with the Honorable Ann M. Donnelly on or before **January 27, 2020**.   Failure to file objections in a timely manner may waive a right to appeal the District Court order.   See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is respectfully requested to docket this Report and Recommendation into the ECF court file and to FedEx copies to defendant at the following address:

Carla Campbell
11740 195th Street, #1
Saint Albans, NY 11412

**SO ORDERED.**

**Dated:    Brooklyn, New York
            January 9, 2020**

/s/ *Roanne L. Mann*

**ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE**